**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-1610
_____

ROY ALISON SOPAHELUWAKAN,
                                        Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
                                        Respondent
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A078-735-740)
Immigration Judge:  Honorable Sharon Hoffman
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 16, 2013

Before: VANASKIE, SCIRICA and COWEN, <u>Circuit</u> <u>Judges</u>

(Opinion filed: October 17, 2013)
_____

OPINION
_____

PER CURIAM

Roy Alison Sopaheluwakan ("Petitioner"), a native and citizen of Indonesia,

petitions for review of an order of the Board of Immigration Appeals ("Board") denying

his motion to reopen.  For the reasons that follow, we will deny the petition for review.

Petitioner was admitted to the United States in 1992 as a nonimmigrant with authorization to remain for a temporary period not to exceed October 23, 1992. (A.R. 205.) He remained past that date without authorization. In 2001, the Immigration and Naturalization Service issued a Notice to Appear ("NTA"), charging Petitioner as removable for having remained in the United States for a time longer than permitted. Petitioner admitted the facts alleged in the NTA and conceded removability.

Petitioner applied for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). He asserted that, as a Christian, he would be persecuted in Indonesia given the conflict there between Christian and Muslim groups. (Id. 177, 180.) He also claimed that he would be persecuted due to his Ambon ethnicity. (Id. 149.) In support of his application, he submitted the State Department's 2000 Report on Human Rights Practices in Indonesia, among other documents. (Id. 115-148.)

On December 20, 2001, the Immigration Judge ("IJ") denied Petitioner's applications and granted his alternative application for voluntary departure. (Id. 107.) The IJ also entered an alternate order of removal to Indonesia, to take effect if Petitioner did not depart as required. Petitioner did not appeal the IJ's decision, nor did he voluntarily depart the United States. As a result, the alternate order of removal went into effect.

Nine years later, Petitioner filed a motion to reopen based on changed country conditions in Indonesia. (Id. 51.) He again sought asylum, and argued that persecution

of Christians by "Islamic fundamentalists" had escalated and that the Indonesian government participated in the persecution. (Id.) Petitioner also claimed that he was "fearful to return to Indonesia because of the escalation of violence against the Christians." (Id. 52.) He submitted the State Department's 2009 International Religious Freedom Report for Indonesia in support, along with several news articles.

The IJ denied the motion to reopen on November 1, 2010, finding that Petitioner did not demonstrate that the conditions in Indonesia posed a threat to him in 2010 that did not exist at the time of his hearing in 2001 when he was denied asylum. (Id. 42 (noting that "inter religious strife has existed in Indonesia for decades").) Petitioner appealed, and the Board affirmed, agreeing with the IJ that Petitioner did not demonstrate materially changed conditions in Indonesia. (Id. 7.) Petitioner timely filed his petition for review.

## II.

We have jurisdiction to pursuant to 8 U.S.C. § 1252(a) to review the Board's denial of Petitioner's motion to reopen, and we apply the abuse of discretion standard to our review. See Fadiga v. Att'y Gen., 488 F.3d 142, 153 (3d Cir. 2007). The Board's decision is entitled to "broad deference," Ezeagwuna v. Ashcroft, 325 F.3d 396, 409 (3d Cir. 2003) (internal quotation marks and citation omitted), and "will not be disturbed unless [it is] found to be arbitrary, irrational, or contrary to law," Guo v. Ashcroft, 386 F.3d 556, 562 (3d Cir. 2004) (citation omitted).

3

With limited exceptions, a motion to reopen must be filed within ninety days of the date of entry of a final administrative order. 8 U.S.C. § 1229a(c)(7)(C)(i). It is undisputed that Petitioner's motion to reopen was untimely. (A.R. 15-16.) Therefore, to circumvent that time limit, he had to provide material evidence of changed conditions in Indonesia that could not have been discovered or presented during the previous proceeding. 8 U.S.C. § 1229a(c)(7)(C)(ii). The burden of proof on a motion to reopen is on the alien to establish eligibility for the requested relief. See Huang v. Att'y Gen., 620 F.3d 372, 389 (3d Cir. 2010).

Petitioner argues that the IJ and the Board abused their discretion in denying his motion to reopen. (Pet'r Br. 12-13.) However, we perceive no abuse of discretion. The burden was on Petitioner to (1) provide evidence demonstrating that conditions changed in Indonesia; (2) demonstrate that the evidence was material; and (3) establish that the evidence was not available and could not have been presented at his previous proceeding. See Abulashvili v. Att'y Gen., 663 F.3d 197, 202-03 (3d Cir. 2011). As the Government aptly points out, (Resp't Br. 9-15), none of the evidence he submitted showed that conditions in Indonesia changed from 2000 to 2009, nor did Petitioner provide any meaningful comparison between conditions for Christians in Indonesia at the time he filed his motion to reopen and conditions at the time of his 2001 hearing. We agree with

the Board that Petitioner did not show that the treatment of Christians in Indonesia changed since time of his asylum hearing.[1]

Petitioner also argues that the IJ and the Board applied the wrong legal standard and "required him to meet the higher standard of showing that changed conditions actually posed a threat to him rather than that his fear was objectively reasonable . . . ." (Pet'r Br. 12.) His argument is misguided, because he never made the threshold showing that conditions in Indonesia changed. When faced with an untimely motion to reopen, the Board must consider whether the Petitioner provided material evidence of changed country conditions, and that is precisely what happened in this case. The Board noted that "interreligious violence was widespread" in Indonesia at the time of Petitioner's 2001 hearing, and based its decision on the fact that he failed to "make any meaningful comparison" between the conditions in Indonesia in 2000 and the conditions there in 2009. (A.R. 2.) The Board cited and applied the proper legal standard, as set forth in 8 C.F.R. § 1003.2(c)(3)(1).

## III.

Because the denial of Petitioner's motion to reopen was not an abuse of discretion, see Fadiga, 488 F.3d at 153, we will deny his petition for review.

---

[1] Petitioner's brief to this Court does not even make clear the difference between how Christians were treated in Indonesia at the time of his asylum hearing, or that any change occurred between then and the time he filed his motion to reopen.